IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James R. Rose, ) | Case No. 0:25-cv-11918-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Early, ) | |
| ) | |
| Respondent. ) | |

Petitioner, proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On September 26, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return because the Petition was successive. [Doc. 12.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 5.] Petitioner has not filed objections or otherwise responded to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may

accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is summarily DISMISSED without prejudice and without requiring Respondent to file an answer or return.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

2

*Miller-El v. Cockrell,* 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

October 24, 2025
Columbia, South Carolina